UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARC R. WIERSUM,

               Plaintiff,

       -against-

DAVID CHAKROFF,

               Defendant.

21-CV-4010 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this diversity action against Defendant, Plaintiff's ex-stepfather, alleging breach of contract. For the following reasons, this action is transferred to the United States District Court for the Western District of Michigan.

## DISCUSSION

    Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

    The following allegations are taken from the complaint. Defendant was Plaintiff's stepfather until he and Plaintiff's mother divorced in 2011. On multiple occasions in 2007 and 2008, Defendant, along with Plaintiff's mother, pressed Plaintiff to retain counsel to litigate custody and visitation rights over Plaintiff's daughter and promised to reimburse Plaintiff for the

attorney's fees.[1] Relying on their promises, Plaintiff filed at least four custody and visitation rights actions in New Jersey Family Court in 2007 and 2008 and incurred approximately $96,365.50 in attorney's fees. In 2007, Defendant resided in Wisconsin, and Plaintiff resided in New York. They discussed the attorney's fees for the 2007 lawsuits over the telephone. In November 2008, Defendant and Plaintiff's mother visited Plaintiff in New York. In December 2008, due to financial difficulties, Plaintiff moved in with his mother and Defendant in Wisconsin. They discussed the attorney's fees for the two 2008 lawsuits in New York and Wisconsin, respectively. In 2011, Plaintiff contacted his mother and Defendant for reimbursement with no success.[2] Between 2013 and 2015, Defendant resided in Wisconsin and Plaintiff resided in Florida. During this time period, Defendant reaffirmed his intent to reimburse Plaintiff multiple times, and he reimbursed Plaintiff $1,000 in October 2013. On May 31, 2015, Defendant reneged on his promise over email to reimburse Plaintiff. Defendant currently resides in Northport, Michigan. Plaintiff currently resides in Coral Gables, Florida.

Plaintiff does not allege that Defendant resides in this District, so venue is not proper in this Court under § 1391(b)(1). Furthermore, Plaintiff does not allege any significant connection between his claim and this District other than that he resided in New York in 2007 and 2008,[3] and that Defendant visited him in New York during the 2007 Thanksgiving holiday. It therefore does not appear that a substantial part of the events or omissions giving rise to Plaintiff's claim arose in this district to make venue proper in this Court under § 1391(b)(2).

---

[1] Defendant maintained a close relationship with Plaintiff's daughter at the time and had a stake in obtaining visitation privileges as her grandparent.

[2] Defendant most likely resided in Wisconsin between 2011 and 2012. It is unclear where Plaintiff resided during that time.

[3] Plaintiff fails to specify which District of New York he resided in at the time.

Even if venue were proper here, the Court can transfer the claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. v. Occupational Safety and Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that "[t]he broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y.C.*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). Courts typically accord substantial weight to a plaintiff's choice of forum.

*Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 616 (S.D.N.Y. 2016). However, a plaintiff's choice of forum is entitled to less deference if the chosen forum is not the plaintiff's home state or if the case lacks material or significant contacts with the forum state. *Kwik Goal, Ltd. v. Youth Sports Publ'g Inc.*, No. 06-CV-395, 2006 WL 1489199, at *2 (S.D.N.Y. May 3, 2003).

Finally, the ability to obtain personal jurisdiction over a defendant is a factor in favor of transferring a case to a particular forum. *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 404, 408 (S.D.N.Y. 2004) (transferring venue partly to obtain personal jurisdiction over a defendant).[4]

Under § 1404(a), transfer appears to be appropriate in this case. The events underlying Plaintiff's claim spanned over a decade during which both parties changed their state of residency multiple times. Neither Defendant nor Plaintiff currently reside in New York. Thus, this Court lacks personal jurisdiction over Defendant.[5] The relevant documents of proof are

---

[4] District courts may transfer an action "even if there is no personal jurisdiction over the defendants, and whether or not venue is proper in [the] district, if a transfer would be in the interest of justice." *Corke v. Sameiet M.S. Song of Nor.*, 572 F.2d 77, 80 (2d Cir. 1978) (adopting Judge Weinfeld's view in *Volk Corp. v. Art-Pak Clip Art Serv.*, 432 F. Supp. 1179, 1181 (S.D.N.Y. 1977)). The Court in *Corke* pointedly declined to elect between section 1406(a) and 1404(a) as the correct authority for transfer where jurisdiction is lacking over a defendant but venue is proper, but instead found such authority by reading the sections together and placing a "judicial gloss" on the statutory text. *Id.* at 80 n. 9. The Court will analyze the transfer question under section 1404(a), keeping in mind, however, that the key inquiry under both 1404(a) and 1046(a) is whether transfer is in the interest of justice.

[5] New York's long-arm statute allows the Court to exercise specific jurisdiction over a non-domiciliary who in person or through an agent: "(1) transacts any business within the state . . . ; [or] (3) commits a tortious act without the state causing injury to person or property within the state . . . ." N.Y.C.P.L.R. § 302(a). Making promises of reimbursement to Plaintiff, who at some, but not all, relevant times, happened to reside in New York does not count as transacting business in New York within the meaning of N.Y.C.P.L.R. § 302(a)(1). To the extent that Defendant's reneging on his promises to reimburse Plaintiff for attorney's fees constitutes a breach of contract, "New York courts routinely hold that a breach of contract claim does not constitute a tortious act and may not form the basis of long-arm jurisdiction" pursuant to N.Y.C.P.L.R.

mostly preserved in electronic form. Transferring the action to Michigan would have no obvious hardship on either party and would instead cure the defect in personal jurisdiction since Defendant is currently domiciled in Michigan. Defendant resides in Northport (Leelanau County), Michigan. Leelanau County is in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Venue is therefore proper in the Western District of Michigan. *See* 28 U.S.C. § 1391(b)(1). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Western District of Michigan. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Western District of Michigan. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

Plaintiff attaches to his complaint court documents concerning the child visitation proceeding he filed in June 2007 in reliance of Defendant's promise of reimbursement. (ECF No. 6-1, at 18-51.) These documents include pictures of Plaintiff's daughter when she was a minor. (*Id.* at 29-51.) The Court therefore finds that it is appropriate, at this time, to restrict public access to the complaint and exhibits (ECF Nos. 2, 6) in this matter and directs the Clerk of Court to restrict access to the complaint and exhibits (ECF Nos. 2, 6) to case participants only.

---

§ 302(a)(3). *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 332 (S.D.N.Y. 2015) (citations omitted). Because the Court finds that it lacks personal jurisdiction over Defendant pursuant to New York's long-arm statute, it need not consider whether the exercise of personal jurisdiction would offend due process.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 23, 2021
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge